Gretchen M. Nelson (State Bar No. 112566)
Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 2050
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: gnelson@nflawfirm.com
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiff Karen Price*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREN PRICE ,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS CRUISE LINES, LTD, d/b/a PRINCESS CRUISES, DOES 1 – 5,<br><br>Defendants. | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT**<br><br>**(DEMAND FOR JURY TRIAL)** |

KAREN PRICE ("Plaintiff"), by and through her attorneys NELSON & FRAENKEL, LLP, files this Complaint against Defendants PRINCESS CRUISE LINES, LTD, d/b/a PRINCESS CRUISES, DOES 1 – 5, owners and operators of the vessel M/S ENCHANTED PRINCESS.

Plaintiff respectfully alleges as follows:

///

1

## INTRODUCTION

### A. The Parties

1.     At all times material, Plaintiff, KAREN PRICE, is and was an adult and a resident of Georgia.

2.     Defendant PRINCESS CRUISE LINES, LTD, d/b/a PRINCESS CRUISES, (hereinafter collectively "PCL"), was and is for-profit corporation with its world-wide headquarters, principal address, and principal place of business located in Los Angeles County, California. PCL was the owner and operator of the vessel M/S ENCHANTED PRINCESS.

3.     The full extent of the facts linking the fictitiously designated defendants, Does 1-5, with the causes of action alleged herein are unknown to the Plaintiff, and the true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise of Does 1-5, inclusive, are unknown to Plaintiff. Plaintiff therefore sues said defendants by such fictitious names.  The Plaintiff is informed and believes that each of the defendants designated herein as a "Doe" is negligently, wantonly, recklessly, tortuously and unlawfully responsible in some manner for the events and happenings herein referred to, and/or is strictly liable in tort for injuries and damages with respect to Plaintiff as herein alleged. Plaintiff will hereafter ask leave of Court to amend this Complaint to show said defendants' true names and capacities and to state the manner in which each fictitious defendant is so responsible when the same have been ascertained.

### B. Jurisdiction

4.     This Court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. §1332 because the amount in controversy exceeds seventy-five thousand dollars ($75,000), and Plaintiff is a citizen of a different state than the Defendants.

5.     In the alternative, this Court has jurisdiction over Plaintiff's claims under the maritime and admiralty jurisdiction of the Court, pursuant to Article III, §2 of the

United States Constitution, delegating jurisdiction over admiralty cases to the federal courts, and 28 U.S.C. §1333.

6.    Federal admiralty jurisdiction extends to all navigable waters, salt or fresh, with or without tides, natural or artificial, which are in fact navigable. The term 'navigable waters' means a body of water which, in its present configuration, constitutes a highway of commerce, between the states or with foreign countries. *See Complaint of Paradise Holdings, Inc.,* 795 F.2d 756 (9th Cir. 1986) ("To invoke federal admiralty jurisdiction in tort cases, the tort must occur on navigable waters and bear a significant relationship to traditional maritime activity.").

7.    At all times material, the Plaintiff's injuries occurred while she was on board a vessel on navigable waters.

## C. Venue

8.    Venue is proper in the Central District of California pursuant to 18 U.S.C. §1965 and 28 U.S.C. §1391, and because (1) Defendants are found and transact business in this district; (2) Defendants maintain a physical presence and their principal place of business in Los Angeles County within this district; and (3) The passenger-ticket issued to Plaintiff by PCL contains a forum selection clause, that PCL asserts requires all claims to be filed in this United States District Court.

## D. Personal Jurisdiction

9.    Defendants, at all times material hereto, personally or through an agent:

   a.  Maintained their principal place of business in this state and county;

   b.  Operated, conducted, engaged in or carried on a business venture in this state and or county; and/or;

   c.  Were engaged in substantial activity within this state; and/or

   d.  Operated vessels in the waters of this state; and/or

   e.  Purposefully availed themselves of the benefits of conducting activities in Washington by directing their activities toward this state, thereby obtaining the benefits and protections of this state's laws.

10.    Defendants were engaged in the business of providing to the public, and Plaintiff in particular, for compensation, vacation cruises aboard its vessels which travel worldwide.

## GENERAL ALLEGATIONS

11.    At all times material hereto, Defendants owned, operated, managed, maintained and/or controlled the vessel, M/S ENCHANTED PRINCESS.

12.    PCL is a common carrier and Plaintiff's claims of negligence herein fall within the parameters of 46 U.S.C. §30509 prohibitions against disclaimers and/or waivers.  The statute's language is broad and unqualified, and it prohibits common carriers from limiting their liability for "personal injury or death caused by negligence or fault of the owner [of the passenger vessel] or the owner's employees or agents." See id. 30509(a)(1)(A).

13.    On or about January 7, 2022, Plaintiff was a paying passenger on a PCL cruise ship, M/S ENCHANTED PRINCESS.

14.    On the above referenced date, the Plaintiff was exiting the elevator on Deck 5, on her way to the guest relations desk, when she slipped on a puddle of melted ice cream on the marble floor.

15.    As a direct and proximate result of the incident, Plaintiff sustained severe and permanent injuries, including injuries to her left hip, diagnosed as displaced fracture of the femoral neck, requiring a painful and invasive total hip replacement surgery.

## COUNT ONE
## FOR  NEGLIGENCE
### (Against All Defendants)

16.    Plaintiff hereby incorporates by reference, as though fully set forth herein, paragraphs 1-15, and alleges as follows.

4

PLAINTIFF'S COMPLAINT

17.    At all times material, Defendants owed a duty to their passengers, including Plaintiff, to exercise reasonable care for the health, welfare, and safety of their passengers.

18.    At all times material, Defendants, by and through their vessel, crew, agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, undertook to create a dangerous and hazardous condition.

19.    At all times material, Defendants, by and through their vessel, crew, agents, servants, officers, staff and/or employees, who were acting in the course and scope of their employment and/or agency, were negligent, careless and breached their duty of care to Plaintiff, by committing the following acts and/or omissions, including, but not limited to:

a. Leaving a defect on the floor thereby obstructing and rendering hazardous a foreseeable path of travel; and/or

b. Failing to maintain the floor in a reasonably safe condition; and/or

c. Failing to adequately warn Plaintiff of the dangerous conditions on the subject area; and/or

d. Failing to keep and maintain the subject area in a reasonably safe condition; and/or

e. Failing to inspect the subject area; and/or

f. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants; and/or

g. Failing to adopt and implement proper and adequate policies, protocols and procedures for inspection of passenger transit areas, including the subject area; and/or

h. Failing to take feasible and reasonable steps to eliminate a dangerous condition which was known by the Defendants and which in the exercise of reasonable care should have been known by the Defendants; and/or

PLAINTIFF'S COMPLAINT

  i. Failing to mark off the area; and/or

  j. Any and all other acts or omissions constituting a breach of Defendants' duty to use reasonable care discovered during litigation.

20. At all material times, PCL had exclusive custody and control of the above-named vessel.

21. At all material times, PCL created and/or knew or should have known of the above-described conditions through the exercise of reasonable care.

22. At all material times, PCL negligently failed to determine the hazards on the vessel to Plaintiff, failed to eliminate the hazard, failed to modify the hazard and failed to properly warn Plaintiff of the hazard.

23. The above conditions were neither open nor obvious to Plaintiff, and accordingly, PCL owed Plaintiff, the duty to warn and/or correct them.

24. As a direct and proximate result of PCL's negligence, Plaintiff was severely and permanently injured on or about January 7, 2022.

25. As a further and direct proximate result of Defendant PCL's negligence, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, mental anguish, inconvenience, and has incurred medical expenses in the past and will incur medical expenses in the future. All of said damages are permanent and continuing in nature.

PLAINTIFF'S COMPLAINT

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and for each of them, as follows:

1. For general and special damages according to proof;

2. For economic damages;

4. For prejudgment interest as allowed by law;

5. For costs of suit incurred herein;

6. For such other and further relief as the Court may deem proper.

NELSON & FRAENKEL, LLP

By:    *s/Carlos F. Llinás Negret*
Carlos F. Llinás Negret
*Attorneys for Plaintiff*

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury.

Date: August 3, 2023.

NELSON & FRAENKEL, LLP

By:    *s/ Carlos F. Llinás Negret*
Carlos F. Llinás Negret
*Attorneys for Plaintiff*

PLAINTIFF'S COMPLAINT